IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

|  |  |
|---|---|
| COLE HAYES, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF APPLIED MACHINERY RENTALS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BURKETT BURKETT & BURKETT, CERTIFIED PUBLIC ACCOUNTANTS, P.A.,<br><br>Defendant. | **CASE NO.: 25-03068**<br><br>**BRIEF IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT** |

**BRIEF IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

Defendant Burkett Burkett & Burkett Certified Public Accountants, P.A. ("Burkett"), submits this Brief in Support of Defendant's Opposition to Plaintiff's Motion to Amend the Complaint.

## I.    Statement of The Case

During a hearing regarding the Trustee's Motion to Amend the Complaint to include claims assigned by Woodforest Bank, this Court directed the parties to review *TUG Liquidation, LLC v. Atwood (In re BuildNet, Inc.)*, Adversary Proceeding No. 04-09003 (Bankr. M.D.N.C. June 16, 2004), to determine whether this Court has jurisdiction over claims against Burkett, which have been assigned by Woodforest National Bank ("Woodforest") to the Trustee. The assigned claims, Count Eight for

Negligent Misrepresentation, and Count Nine for Third-Party Breach of Contract[1], are state law claims.  It is not alleged that these claims are based on federal law. A review of *BuildNet* confirms that this Court lacks jurisdiction because the assignment of personal tort claims is void under North Carolina law. Because the assignments are void, the Trustee does not have standing to prosecute these claims, no justiciable controversy exists and the Trustee should not be allowed to amend his Complaint to add Counts Eight and Nine.

## II.   Legal Analysis

### A. Subject Matter Jurisdiction and Standing

A federal court must possess subject matter jurisdiction before it may pass on the merits of any claim. Where, as here, a plaintiff's standing to sue is dependent upon an assignment, the validity of that assignment is a threshold jurisdictional question. If the assignment is void, the plaintiff lacks standing to bring any claims as assignee. *In re BuildNet*, 2004 WL 1534296, at *15. Without standing, there is no case or controversy within the meaning of Article III, and the court is without jurisdiction to proceed. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

Interestingly, the Trustee's Proposed Amended Complaint does not contain any allegations regarding the location of Woodforest.[2]  Doc. No. 31-1. The Trustee also does not make any allegations regarding where the contract between Burkett

---

[1] The Proposed Amended Complaint designates Count Nine as Negligent Misrepresentation; however, during the hearing, Plaintiffs clarified that Count Nine was intended to assert a claim for Breach of Contract.

[2] Woodforest has retail locations in numerous states, but its commercial loan production offices are located in Texas. See, www.https://www.woodforest.com/about-us/contact-us/locations/. (Last viewed March 31, 2026).

and Applied Machinery Rentals was formed. Doc. No. 31-1. In the absence of such allegations, as well as the absence of allegations regarding where any loans by Woodforest were made and funds received, the Trustee's allegations fail to establish that jurisdiction would be in North Carolina or South Carolina for any claims held by Woodforest, if Woodforest had filed a lawsuit against Burkett on their own.

Claims that are based upon state law must apply choice of law rules of the forum state, absent a compelling federal interest which dictates otherwise. *In re Merritt Dredging Company, Inc,*. 839 F.2d 203, 206 (4th Cir. 1988). In *Conopco Inc, v. McCreadie,* the court held the assignability of the right or obligation being assigned is determined by looking to the law that would govern the underlying contract or tort that enabled the right to come into existence. *In re BuildNet* at \*17*; Conopco Inc, v. McCreadie* 826 F. Supp. 855, 864 (D.N.J.1993), aff'd 40 F.3d 1239 (3rd Cir. 1994). However, even when foreign law would otherwise govern a claim, North Carolina courts will decline to apply that law if it is contrary to the public policy of North Carolina and will apply North Carolina law in its place. *Boudreau v. Baughman,* 322 N.C. 331, 342, 368 S.E.2d 849, 857 (1988); *Clayton v. Burnett*, 135 N.C. App. 746, 749, 522 S.E.2d 785, 787 (1999).

If North Carolina law voids an assignment, the assignee acquires nothing and lacks standing to sue on those claims. Additionally, the fact that a claim constitutes § 541 property of the bankruptcy estate and may be sold pursuant to § 363 does not alter this analysis. Section 363 is not an empowering statute that creates new rights of transfer that state law does not recognize. *In re BuildNet*, 2004 WL 1534296, at

3

*10 (citing *In re FCX, Inc.*, 853 F.2d 1149, 1155 (4th Cir. 1988); *Integrated Solutions, Inc. v. Service Support Specialties, Inc.*, 124 F.3d 487, 493 (3d Cir. 1997).

## B. In North Carolina, Assignments of Personal Torts are Void as Against Public Policy

North Carolina has consistently held that personal tort claims are not assignable. While an action arising out of contract may generally be assigned pursuant to N.C. Gen. Stat. § 1-57, that statute "does not authorize the assignment of a thing in action not arising out of a contract." *Horton v. New South Ins. Co.*, 122 N.C. App. 265, 268, 468 S.E.2d 856, 858 (1996). Personal tort claims that cannot be assigned include claims for fraud, conspiracy to commit fraud, defamation, abuse of process, malicious prosecution, bad faith refusal to settle, breach of fiduciary duty, tortious breach of contract, and unfair and deceptive trade practices. *In re Welch*, 494 B.R. 654, 660 (Bankr. E.D.N.C. 2013); *Investors Title Ins. Co. v. Herzig*, 330 N.C. 681, 688, 413 S.E.2d 268, 271 (1992).  The rationale underlying this rule is the deterrence of champerty, the practice by which a stranger acquires an interest in another's lawsuit for the purpose of profiting from the litigation. *Horton*, 122 N.C. App. at 268; *DaimlerChrysler Corp. v. Kirkhart*, 148 N.C. App. 572, 561 S.E.2d 276 (2002).

In *BuildNet*, TUG Liquidation purchased from BuildNet's estate several tort claims including breach of fiduciary duty, gross negligence, breach of duty of loyalty, corporate waste, and deepening insolvency. The court held that, notwithstanding the bankruptcy sale, the "assignment of these personal tort claims was in violation of North Carolina public policy and TUG may not go forward with these claims." *In re*

4

*BuildNet*, 2004 WL 1534296, at *10. In *BuildNet,* the court noted that courts focus on the special relationship of trust and confidence between the parties in finding a tort personal rather than whether a person or property has been damaged. *Horton* at 268-69.

## C. Determining Tort vs. Contract Character for Assignability

The label a plaintiff attaches to a claim does not determine its legal character; the substance does. North Carolina treats a claim as sounding in tort when the wrong alleged was a tortious act or omission committed in the course of performing a contract, rather than a mere failure to deliver a contractual promise. *Atl. Coast Mech., Inc. v. Arcadis, Geraghty & Miller of N. Carolina., Inc.,* 175 N.C. App. 339, 347, 623 S.E.2d 334, 340 (2006). Tort liability arises when "the injury, proximately caused by the promisor's negligent act or omission in the performance of his contract, was an injury to the person or property of someone other than the promisee." *N.C. State Ports Auth. v. Lloyd A. Fry Roofing Co.*, 294 N.C. 73, 82, 240 S.E.2d 345, 350 (1978).

North Carolina courts have consistently held that the non-assignability rule applies to claims of "mixed parentage" when those claims fundamentally sound in tort. As the principle was stated in the context of warranty claims, a breach of warranty action is "an offspring of mixed parentage, aspects of it sounding in both tort and contract but following strictly the rules and precedents of neither," yet courts apply the tort rules of assignability when the claim's tortious character predominates. *Reid v. Eckerds Drugs, Inc.,* 40 N.C. App. 476, 480, 253 S.E.2d 344, 347 (1979).

5

In *Atlantic Coast Mechanical, Inc. v. Arcadis, Geraghty & Miller of North Carolina, Inc.*, the court confronted an assignee who had been assigned claims against a defendant, Caterpillar, with whom neither the assignee nor the original contracting party had a direct contractual relationship. *Atlantic Coast Mechanical, Inc. v. Arcadis, Geraghty & Miller of North Carolina, Inc.*, 175 N.C. App. 339, 623 S.E.2d 334 (2006). The court observed that several facts established that the claims against Caterpillar were based in tort, not in contract: Caterpillar was not a party to a contract with either the assignee or the original claimant, and the original claimant had in fact asserted a negligence claim against Caterpillar rather than a breach of contract claim. *Atlantic Coast Mechanical, Inc. v. Arcadis, Geraghty & Miller of North Carolina, Inc* at 340. In *Atlantic Coast Mechanical*, the court affirmed the trial court's ruling that the claims against Caterpillar constituted personal torts and that "the attempted assignment of those claims was void." *Id*.

## D. The Eighth Claim for Relief, Negligent Misrepresentation, Is A Personal Tort That Cannot Be Assigned Under North Carolina Law

A claim for negligent misrepresentation arises when a party justifiably relies, to its detriment, on information prepared without reasonable care by one who owed the relying party a duty of care. *Brinkman v. Barrett Kays & Assoc., P.A.*, 155 N.C. App. 738, 742, 575 S.E.2d 40, 43-44 (2003). This cause of action is tortious in character under state law. It does not arise from the breach of a contractual promise; it arises from the breach of a duty of care owed to the specific party who received and relied upon the negligently prepared information. The duty itself is imposed by law, not by

6

contract, and it runs to the particular person who justifiably relied upon the information, not to assignees, successors, or strangers to the original transaction. Because negligent misrepresentation involves wrongs done through deceptive conduct directed at a specific target, it falls squarely within the category of non-assignable personal torts under North Carolina law. *Investors Title,* 330 N.C. at 688, 413 S.E.2d at 271.

In *BuildNet*, the court recognized that courts look to the special relationship of trust and confidence between the parties when determining whether a tort claim is personal in nature. The Proposed Amended Complaint alleges precisely that kind of relationship here. The Trustee alleges that Woodforest relied on financial information Burkett provided regarding the Debtor's assets and financial condition, and that Burkett owed Woodforest a duty to provide truthful and accurate information. Doc No 32-1 ¶ 159. Those allegations describe a personal tort, one grounded in a relationship of trust in which one party's breach of a duty of care caused harm to the other. Although Burkett disputes that it owed any duty to Woodforest in the first place, the Trustee's own pleading establishes that the claim sounds in personal tort and is therefore not assignable.

Because the tort claim of negligent representation could not lawfully be assigned, the transfer of that claim to the estate and then to the Trustee is void. The Trustee therefore holds no legally cognizable interest in the negligent misrepresentation claim.

**E. The Ninth Claim for Relief Is a Non-Assignable Personal Tort and Should Be Dismissed for Lack of Subject Matter Jurisdiction**

The Trustee has framed the Ninth Claim for Relief as a contract-based cause of action, proceeding on the theory that Woodforest was a third-party beneficiary of the contract between Burkett and AMR. For a third party to enforce a contract as a direct beneficiary, the parties who formed the contract must have actually intended to confer a legally enforceable benefit on that person at the time the contract was made. *Revels v. Miss Am. Org.*, 182 N.C. App. 334, 336, 641 S.E.2d 721, 723 (2007) (quoting *Holshouser*, 134 N.C. App. at 400, 518 S.E.2d at 25). The mere fact that a third party benefits from the contract's performance is insufficient; what matters is whether the contracting parties meant for that person to receive a direct benefit when they entered into the agreement. *Id.* The controlling question in determining third-party beneficiary status is the intent of the contracting parties, specifically, whether they intended to confer upon a third person a benefit from the contract. *Vogel v. Reed Supply Co.*, 277 N.C. 119, 128, 177 S.E.2d 273, 279 (1970) (quoting 17 Am. Jur. 2d, Contracts § 304).

In this case, the Trustee's Proposed Amended Complaint does not sufficiently allege that Woodforest was a third-party beneficiary of the contract between AMR and Burkett. No Contract between Burkett and AMR indicated that their services were for the benefit of anyone except AMR. As admitted in the Proposed Amended Complaint, Woodforest began their involvement with AMR in 2020, and their reliance on the work Burkett produced for AMR began in 2021. Doc. No. 31-1 ¶ 98-106.

8

Burkett provided auditing and tax services to AMR since 2018. At no time did any contract entered into for the purpose of benefiting anyone other than AMR. Additionally, the Proposed Amended Complaint fails to allege which contract Woodforest was a third-party beneficiary of.

In this case, there was a contractual relationship between Burkett and AMR. Woodforest was not a party to that contract. Woodforest's alleged injury, that it relied upon Burkett's information and, in reliance upon that information, advanced funds it would not otherwise have advanced and failed to exercise contractual remedies it would otherwise have pursued against AMR, was not an injury suffered by AMR, the contracting party. It was an injury suffered by Woodforest, a third party who stood outside the Burkett-AMR contractual relationship. Woodforest alleges that this injury was proximately caused by Burkett's negligent conduct in performing its obligations under that contract. This case is similar to *North Carolina State Ports Auth. v. Lloyd A. Fry Roofing Co.,* 294 N.C. 73, 82, 240 S.E.2d 345, 350 (1978), in which an alleged breach of contract gave rise to a tort action because the action arose from a promisor's negligent performance that caused injury to someone other than the promisee.

Here, the basis of Claim Nine is not a violation of a contract. The claim is based on Burkett allegedly performing its duties negligently. Any cause of action Woodforest possesses against Burkett cannot be grounded in contract; it can only be grounded in the tort of negligence arising from Burkett's conduct in performing its accounting services for AMR. As *Atlantic Coast Mechanical* and *Lloyd A. Fry Roofing*

both confirm, that is a personal tort claim. *Atlantic Coast Mechanical, Inc. v. Arcadis, Geraghty & Miller of North Carolina, Inc.,* 175 N.C. App. at 347, 623 S.E.2d at 340; *North Carolina State Ports Authority v. Lloyd A. Fry Roofing Co.,* at 82–83. As stated in *BuildNet*, personal tort claims are non-assignable even when transferred through a bankruptcy estate sale. *In re BuildNet*, 2004 WL 1534296, at *9–10.

Because the Ninth Claim for Relief sounds in tort, the assignment of that claim violates North Carolina public policy and is void. This Court should dismiss the Ninth Claim for Relief for lack of subject matter jurisdiction.

**F. Claims Eight and Nine Should Be Dismissed Because the Assignments Are Void Under North Carolina Public Policy**

It is worth noting that the Trustee's Proposed Amended Complaint does not specify which state's laws apply to Woodforest's claims. The Proposed Amended Complaint contains no allegations regarding Woodforest's principal place of business or the state in which it operates as a lender, nor does it identify where the contract between Burkett and Applied Machinery Rentals was formed, where any loans by Woodforest were made, or where the relevant funds were received. On the face of the Proposed Amended Complaint, it is unclear whether North Carolina, South Carolina, or some other state's law would govern any direct claim Woodforest might have asserted against Burkett. Even if South Carolina law applies to Woodforest's claims, it will not be given effect in this case because doing so would violate the established public policy of North Carolina. If North Carolina law applies to the claim, the result

is the same: the purported assignment is void. Either way, the Eighth and Ninth Claim for Relief cannot stand.

Under South Carolina law, personal tort claims are assignable where they survive under the state's survival statute, S.C. Code § 15-5-90. *Doremus v. Atlantic Coast Line R. Co.,* 242 S.C. 123 (1963). This rule extends to claims sounding in negligence, battery, assault, and property damage.

North Carolina courts, however, will refuse to apply foreign law that conflicts with North Carolina's public policy. *Boudreau*, 322 N.C. at 331. North Carolina treats the assignment of personal tort claims as void as against public policy on the ground that such assignments promote champerty. *DaimlerChrysler Corp. v. Kirkhart*, 148 N.C. App. 572, 561 S.E.2d 276 (2002); *Horton v. New South Ins. Co.,* 122 N.C. App. 265, 268, 468 S.E.2d 856, 858 (1996). North Carolina courts have consistently applied this rule to invalidate assignments of claims for unfair and deceptive trade practices, bad faith refusal to settle, breach of fiduciary duty, and tortious breach of contract. See Investors Title Ins. Co. v. Herzig, 330 N.C. 681, 413 S.E.2d 268, 271–72 (1992); *Terrell v. Lawyers' Mut. Liab. Ins. Co.,* 131 N.C. App. 655, 660, 507 S.E.2d 923, 926 (1998); *Horton,* 122 N.C. App. at 269, 468 S.E.2d at 859.

Even if the Trustee's allegations were sufficient to show that South Carolina would have jurisdiction over claims by Woodforest directly against Burkett, South Carolina's permissive assignment rule directly conflicts with North Carolina's public policy. Therefore, a North Carolina court should decline to apply South Carolina law and would instead apply it's own. *TUG Liquidation, LLC v. Atwood (In re BuildNet,*

11

*Inc.*), Adv. Pro. 04-09003, at 17–18 (Bankr. M.D.N.C. June 16, 2004). As a result, the assignment of Claims Eight and Nine to the Trustee are void and unenforceable. *In re FCX, Inc.*, 853 F.2d 1149, 1155 (4th Cir. 1988); *Butner v. United States*, 440 U.S. 48, 55 (1979).

## III.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the  Plaintiff's Motion to Amend the Complaint be denied.

This the 1st day of April, 2026.

**HALL BOOTH SMITH, P.C.**

/s/ Richard N. Sheinis
RICHARD N. SHEINIS
NC State Bar No. 39078
SYDNEY HUSSEY
NC State Bar No. 63988
***Attorneys for Defendant***

11215 N Community House Road
Suite 750
Charlotte, NC  28277
980.859.0380
rsheinis@hallboothsmith.com
shussey@hallboothsmith.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing BRIEF IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT was filed electronically with the Clerk of Court using the CM/ECF system and was served electronically upon the parties below:

Michael J. Parrish
Lance P. Martin
Ward and Smith, P.A.
PO Box 2020
Asheville, NC  28802-202
docketCR@wardandsmith.com
lpm@wardandsmith.com
***Special Counsel for Plaintiff***

This the 1st day of April, 2026.

**HALL BOOTH SMITH, P.C.**

/s/ Richard N. Sheinis
RICHARD N. SHEINIS
NC State Bar No. 39078
SYDNEY HUSSEY
NC State Bar No. 63988
***Attorneys for Defendant***

11215 N Community House Road
Suite 750
Charlotte, NC  28277
980.859.0380
rsheinis@hallboothsmith.com
shussey@hallboothsmith.com